IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCES TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1776 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                      MAY 28, 2008

      Before the court for consideration is plaintiff's brief and statement of issues in support of request for review (Doc. No. 7) and the response and reply thereto (Doc. Nos. 8, 9).  The court makes the following findings and conclusions:

      1.     On August 18, 2005, Frances Turner ("Turner") protectively filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of July 25, 1996.[1]  (Tr. 56-58).  Throughout the administrative process, including an administrative hearing held on August 10, 2006 before an ALJ, Turner's claims were denied.  (Tr. 5-7; 13-26; 33; 34; 35-38).  Pursuant to 42 U.S.C. § 405(g), on May 2, 2007, Turner filed her complaint in this court seeking review of that decision.

      2.     In his decision, the ALJ concluded that Turner's epilepsy was a severe impairment.  (Tr. 18 Finding 3).  The ALJ further concluded that Turner's impairments did not meet or equal a listing, that she retained the residual functional capacity ("RFC") to perform medium work that did not involve heights, and that she was capable of performing her last relevant work, and therefore, she was not disabled.  (Tr. 21 ¶1; 26 ¶ 2 ; 21 Finding 4; 22 Finding 5; 26 Findings 6-7).[2]

      3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

---

[1] Turner originally alleged her disability began on December 31, 1996, however, she amended her onset date at the hearing to July 25, 1996, her 50th birthday.  (Tr. 352).  Turner's date last insured in December 31, 1996, thus, the relevant time period for this case is July 25, 1996 to December 31, 1996.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

      4.      Turner raises three arguments in which she alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

      A.      Turner asserts that the ALJ improperly rejected the limitations found by her treating neurologist, W. Stover Wiggins, M.D. ("Dr. Wiggins"). As noted by the ALJ, there are "no opinions or assessments regarding the claimant's level of limitation . . . from treating and/or examining physicians during the period at issue." (Tr. 25 ¶ 4). I note that the ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance. 20 C.F.R. § 404.1527(e); SSR 96-5p. Dr. Wiggins stated that Turner was restricted in that she could not work with dangerous machinery or in a dangerous environment, however, he encouraged her to return to work.[3] (Tr. 241). I note that the job that she performed from 1986 until 1991 while under the care of Dr. Wiggins is the job that the ALJ found Turner was capable of returning to during the relevant time period. (Tr. 72; 254; 255; 258; 259). In fact, Dr. Wiggins specifically noted in 1988 that she was working full time at her machine operator position and was able to avoid hazardous environments.[4] (Tr. 258). Thus, although the ALJ should have discussed his evaluation of the limitations placed on Turner by Dr. Wiggins, this is a case of harmless error, since the ALJ found Turner capable of returning to the job she was performing under Dr. Wiggins' supervision.[5] Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case)

      B.      Turner also argues that the ALJ erred in rejecting her testimony and that of her friend's as not fully credible. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). Pursuant to the regulations, the ALJ uses a two pronged analysis to make a credibility determination. See 20 C.F.R. § 416.929. The ALJ must first determine if there is an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms. See 20 C.F.R. § 404.1529. If the ALJ finds that such an underlying condition exists, the ALJ must then decide to what extent the symptoms actually limit the claimant's

---

[3] The ALJ noted in his discussion that throughout the medical record that spanned from 1987 until 2006, that Dr. Wiggins always found Turner's neurological examinations to be normal and unchanged. (Tr. 24 ¶¶ 2-3; 233; 241; 246; 248; 250; 253; 255; 257-59; 260). The ALJ also acknowledged the report that Turner was still disorganized and easily confused and noted that was despite her normal non-focal neurological exam. (Tr. 25 ¶ 1; 235).

[4] I would also note that Turner stated she quit this job based on "principles;" she did not say she quit because she was unable to perform the duties of the job. (Tr. 329). This court also notes that Turner was not always compliant with her medication, even though she testified that when she took her medication she did not have seizures. (Tr. 221; 239; 241; 243; 246; 261; 333). 20 C.F.R. § 404.1530(b) provides that if a claimant fails to follow his/her prescribed treatment, he/she will not be found disabled.

[5] I would note that there is no evidence of the worsening of Turner's condition between 1991 and 1996. The record does reveal that Turner asked Dr. Wiggins to write a letter to her employer so she could switch jobs, however, Turner testified she ended up quitting her job based on principles, not because of her inability to perform the job. (Tr. 237; 249; 328-29).

2

ability to work. See Id.

Here, the ALJ determined that Turner's seizures could reasonably be expected to produce the alleged symptoms, however, the ALJ found that statements by Turner and Lucia Alof ("Alof") regarding the intensity, duration, and limiting effects of Turner's symptoms were not entirely credible. (Tr. 23 ¶ 2). Turner incorrectly asserts that the ALJ rejected her testimony and that of Alof because it did not pertain to the relevant time period. In fact, the ALJ stated he did not find the statements to be entirely credible based on the objective medical evidence in the record and the reports regarding her daily functioning abilities after 2004, when her condition worsened. (Tr. 23 ¶ 2). The ALJ's point was merely that if Turner could perform those activities after her conditioned worsened, then she obviously could perform the same activities before her condition worsened. (Id). Turner also argues that the ALJ improperly used her reported activities of daily living to find her and her friend only partially credible. However, 20 C.F.R. §404.1529(c) clearly provides that all evidence in the record, including regular activities, should be considered by the ALJ in determining credibility. In his analysis, the ALJ noted Turner's normal physical and neurologic exams throughout the record and that her MRI[6] and EEGs were normal until her condition worsened in 2004. (Tr. 25 ¶¶ 1-2). The ALJ clearly stated he rejected the testimony of both Turner and Alof for these reasons. (Tr. 23 ¶¶ 1-3). Substantial evidence supports the ALJ's finding that the testimony of Turner and Alof is only partially credible.

C.   Turner claims that the case should be remanded due to evidence which was not in the record before the ALJ. When a claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner, but only if: (1) the evidence is "new and not merely cumulative of what is already in the record" and (2) material; and (3) the claimant shows that there was good cause for not previously presenting the evidence to the ALJ. Szubak v. Sec. of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); 42 U.S.C. § 405(g); Fisher v. Massanari, 28 Fed. Appx. 158, 159 (3d Cir. 2002) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)). The records at issue in this case are school records from 1951 until Turner's graduation from high school in 1966. (Tr. 309-22). Turner's attorney stated at the hearing that he had not known the location of the high school that Turner attended until Turner's testimony at the hearing. (Tr. 352). Turner's attorney requested an additional 30 days to get the school records, however, he did not get the records to the ALJ in time or apparently request an extension of time to do so. (Id). I note that Turner had no difficulty at the hearing providing the name and location of the high school she attended. (Tr. 337; 352). Since this evidence is not new and Turner did not provide a good cause for failing to present the evidence to the ALJ, this is not a proper basis for remand.

5.   As a result of the above, Turner's claims fail and judgment will be entered in favor of defendant.

An appropriate Order follows.

---

[6] The one exception to that was an MRI in August of 1997 showing scattered areas of cerebral leukoencephalopathy, but it was found to be nonspecific with regard to etiology. (Tr. 25 ¶ 1; 224). As the ALJ noted, Turner had no seizures from the time she resumed care in August of 1997 through September of 2004, with one possible exception. (Tr. 25 ¶ 1; 145; 163; 246). And, this is despite the fact that she continued to have periods of noncompliance. (Tr. 246).

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCES TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1776 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

### ORDER

AND NOW, this 28th day of May, 2008, upon consideration of the brief in support of review filed by plaintiff and the response and reply thereto (Doc. Nos. 7, 8, and 9) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.